FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| H.C., AN INFANT AND MINOR BY BY AND THROUGH HIS PARENTS AND NEXT FRIENDS C.C. AND M.C., C.C., INDIVIDUALLY, AND M.C. INDIVIDUALLY,<br><br>Plaintiffs,<br><br>v.<br><br>MATHEWS COUNTY SCHOOL BOARD, NANCY WELCH, LAUREL BYRD, APRIL EDWARDS, DENISE MCCUISTON, AND GABRIELLE "GABBY" CROWDER,<br><br>Defendants. | Case No.: 4:20-cv-153 |

## ORDER

Before the Court is Defendants' Motion to File Under Seal and memorandum in support. ECF No. 24, 26. The motion appears to be intended to protect the confidentiality interests Defendants Mathews County School Board, Nancy Welch, Laurel Byrd, and Denise McCuiston. ECF No. 26 at 1. However, for various reasons the motion to seal is deficient.

Local Civil Rule 5 governs the sealing of documents in the Eastern District of Virginia. This rule is not a formality, as "[m]otions to file documents under seal are disfavored and discouraged." E.D. Va. Local Civil Rule 5; *see also Boone v. City of Suffolk*, 79 F. Supp. 2d 603, 608 (E.D. Va. 1999) (noting in the context of an action to unseal court documents that: "[c]ourts have long recognized a common law right to inspect and copy all court records and documents . . . [t]his right of access has been grounded in the democratic process itself and in a

'citizen's desire to keep a watchful eye on the workings of public agencies.'") (quoting *Nixon v. Warner Comm. Inc.*, 435 U.S. 589, 598).

Local Civil Rule 5 requires that "[t]he motion to file under seal shall be accompanied by a non-confidential supporting memorandum, a separate non-confidential notice that specifically identifies the motions as a sealing motion, and a non-confidential proposed order." E.D. Va. Loc. Civ. R. 5(A). The non-confidential supporting memorandum must contain:

> (1) A non-confidential description of what material has been filed under seal;
>
> (2) A statement why sealing is necessary, and why another procedure will not suffice, as well as appropriate evidentiary support for the sealing request;
>
> (3) References to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied;
>
> (4) Unless permanent sealing is sought, a statement as to the period of time the party seeks to have the matter maintained under seal and how the matter is to be handled upon unsealing.

*Id.* In addition, "[t]he proposed order shall recite the findings required by governing case law to support the proposed sealing." *Id.*

The motion filed by Defendants violates various aspects of this rule. For example, Defendants non-confidential supporting memorandum does not contain "[r]eferences to the governing case law, an analysis of the appropriate standard to be applied for that specific filing, and a description of how that standard has been satisfied". *Id.* Similarly, Defendants proposed Order is also deficient in that it does not "recite the findings required by governing case law to support the proposed sealing." *Id.*

Accordingly, the Court **DENIES WITHOUT PREJUDICE** the Defendants Motion to Seal, ECF No. 24, with leave to refile. Defendants' motion must comply with Local Civil Rule 5, and therefore must be accompanied on separate docket entries by: a non-confidential

supporting memorandum, that complies with requirements (1)-(4) of Local Civil Rule 5; a non-confidential notice that specifically identifies the motion as a sealing motion; and a non-confidential proposed order. Defendants are **ORDERED** to file the motion complying with this Order no later than **November 6, 2020.** If Defendants fail to do so, the Court will order that the material be filed in the public record in accordance with Local Civil Rule 5.

It is so **ORDERED.**

Lawrence R. Leonard
United States Magistrate Judge

Newport News, Virginia
October 30, 2020