IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

| | |
|---|---|
| H.C., an infant and minor by and through his Parents and Next Friends C.C and M.C., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> MATHEWS COUNTY SCHOOL BOARD, *et al.*, <br><br> Defendants. | Civil Action No. 4:20-cv-153 |

**PLAINTIFFS' REPLY BRIEF IN SUPPORT OF
MOTION FOR LEAVE TO PROCEED ANONYMOUSLY**

### I.     REPLY INTRODUCTION

Plaintiffs, by counsel, hereby reply to Defendants' Brief (ECF No. 50) and Memorandum (ECF No. 57) in Opposition to Plaintiffs' Motion for Leave to Proceed Anonymously.[1]  Contrary to Defendants' arguments, the *James v. Jacobsen* factors weigh in favor of anonymity for Plaintiffs' C.C. and M.C. because, in substantial and inextricable part, this action involves the personal, private, and sensitive information of Plaintiff H.C, who is a minor.  Moreover, this action involves Defendants' false and stigmatizing charges against H.C. as an "imminent threat" and of a highly racial and sexual nature.  The public disclosure of Plaintiff H.C.'s parents' (Plaintiffs C.C. and M.C.) identities would eviscerate Plaintiff H.C.'s rightful protection through anonymity and

---

[1] ECF No. 50 is Defendant Gabrielle ("Gabby") Crowder's Brief in Opposition to Plaintiffs' Motion for Leave to Proceed Anonymously, and ECF No. 57 is the Memorandum in Opposition to Plaintiffs' Motion for Leave to Proceed Anonymously of Defendants the Mathews County School Board, Nancy Welch, Laurel Byrd, and Denise McCuiston.  Counsel responds to these oppositions here due to the commonality of their arguments and for this Court's convenience.  The remaining Defendant, April Edwards, has not opposed Plaintiffs' anonymity request.

1

publicly disclose his identity. The resulting injury to all Plaintiffs, not only Plaintiff H.C., warrants anonymity here.

Defendants pay no mind to this inevitable result and injury in opposing anonymity. In doing so, they either diminish or disregard the unique circumstances of this action, including the substantial and inextricable role Plaintiffs H.C.'s minor status and the nature of charges against him play. What is more, in opposing Plaintiffs' request, Defendants reveal not only their discontent with the injuries they have already caused this child and his family, but appear intent to invite more. This Court should, instead, permit Plaintiffs C.C. and M.C. to proceed anonymously.

## II. REPLY BACKGROUND

Plaintiffs reassert here in its entirety the Background from their Brief in Support of Motion for Leave to Proceed Anonymously ("Brief in Support"). (ECF No. 42, pp. 1-2.)

## III. REPLY ARGUMENT

Plaintiffs reassert here the Argument from their Brief in Support. (ECF No. 42, pp. 2-10).

    **a.    This action, in its entirety, substantially and inextricably involves information of a sensitive and highly personal nature to Plaintiff H.C., thereby satisfying the first *James* factor.**

The first *James* factor weighs in Plaintiffs' favor. *See James v. Jacobsen*, 6 F.3d 233, 238 (4th Cir. 2003). Plaintiff H.C.'s personal, private, and sensitive juvenile information and Defendants' false and stigmatizing charges against him of a highly racial and sexual nature are inextricable to this action in its entirety. Thus, anonymity for all Plaintiffs is necessary to safeguard that information and any connection of all Plaintiffs to it and Defendants' charges.

    (1)    <u>ECF No. 50 – Defendant Gabrielle ("Gabby") Crowder's Arguments</u>

As to this factor, Defendant Gabrielle ("Gabby") Crowder ("Crowder") presents inaccurate and unpersuasive arguments. **<u>First</u>**, Crowder argues that "[t]he litigation does not involve a

sensitive and highly personal matter." (ECF No. 50, p. 3.) Citing Plaintiffs' statutory authority governing the confidentiality of juvenile records (*see* ECF No. 42, pp. 4-5), she argues that "[w]hether records that may be at issue in this case are subject to privacy or confidentiality statutes has no bearing on whether Plaintiffs, which include H.C. as well as his parents who have purported to assert their own individual claims against Defendants, should be permitted to proceed anonymously." (ECF No. 50, p. 3.) Crowder argues further that Plaintiffs "have offered no justification for proceeding anonymously, except that identifying themselves will be embarrassing and otherwise defeat the protections afforded by a variety of statutory privileges." (*Id.*, p. 4.)

At their core, Crowders' arguments pay no mind to the fact that the First Amended Complaint is already a publicly available record and, as such, the allegations of Plaintiff H.C.'s personal, private, and sensitive juvenile information <u>and</u> of Defendants' false and stigmatizing charges against him of a highly racial and sexual nature are in the public domain. (*See, e.g.*, ECF No. 41, Pls.' F. Am. Compl., ¶¶ 33-35, 39, 41, 44, 68, 72, 73, 84, 86, 91, 93, 98, 101, 134, 140, 160, 170[2], 180, 190, 197.) No legitimate dispute can exist here as to the presence of sensitive and highly-personal information. Connecting the adult Plaintiffs by name to the First Amended

---

[2] The criminal provision the First Amended Complaint cites in ¶ 170, which informs the remaining allegations, is Virginia Code § 18.2-67.1(A, 1). This provision, with which H.C. was charged, provides in pertinent part:

> ***An accused shall be guilty of forcible sodomy*** if he . . . engages in cunnilingus, fellatio, anilingus, or anal intercourse with a complaining witness whether or not his or her spouse, or causes a complaining witness, whether or not his or her spouse, to engage in such acts with any other person, and 1. ***The complaining witness is less than 13 years of age***.

Va. Code § 18.2-67.1(A,1) (alteration and emphasis added). Unquestionably, such a charge, certainly when false, is socially ruinous. *See, e.g., D.M., individually and on behalf of J.M. and D.P., v. Cty. of Berks*, 929 F. Supp. 2d 390, 402 (E.D. Pa. 2013) (permitting parents accused of sexual abuse of a child to proceed anonymously on their own due process claims and stating, "'[i]t is beyond argument' that an allegation of sexual abuse against a small child 'is a highly sensitive issue' that would subject Parents to severe social stigma") (citations omitted).

3

Complaint in the public domain would serve to expose Plaintiff H.C. and exact a societal stigma on all Plaintiffs. Consequently, Plaintiffs' citation to the unmistakable public policy in Virginia statutory law protecting juvenile *records* has a direct bearing on protecting juvenile *information* outside of those records.[3] And, although the public First Amended Complaint alone suffices for anonymity, this action will disclose additional information, not just records, amplifying the allegations, information, and charges concerning Plaintiff H.C., including through, *inter alia*, arguments, briefs, trial, appeals, and opinions. These future disclosures also warrant anonymity.

**Second**, Crowder argues the fact that "H.C., now approximately 15-years-old, must sue by his parents and next friends . . . does not entitle C.C. and M.C. to bring their own claims anonymously." (ECF No. 50, p. 3.) She argues, "[h]ere, where C.C. and M.C. have elected to file their own, individual claims against Crowder, the grounds for anonymity do not overcome the presumption of openness." (*Id.*, p. 5.)

Crowder presents no authority for her argument specific to the unique circumstances of this action.[4] What is apparent is that Crowder's argument, without authority, invites this Court to sanction a result that will have the harsh effect of requiring parents, including Plaintiffs C.C. and M.C., to decide whether to forego their own constitutional and civil claims and rights in order to protect the identity of their children, including Plaintiff H.C. Plaintiff submits that the law does not require such a decision and harsh result. Certainly, the more on-point decisions Plaintiffs cite

---

[3] Permitting Plaintiffs to proceed anonymously is consistent with and a necessary supplement to the Parties' Joint Stipulated Protective Order. (*See* ECF No. 45.)

[4] The authority Crowder cites speaks to materially distinct circumstances, not circumstances in which the claims of a parent and child are inherently and inextricably linked to a minor child's sensitive and highly-personal information. (*See* ECF No. 50, p. 4) (citing *Doe v. Va. Polytechnic Institute & State Univ.*, No. 7:18-cv-016, 2018 WL 1594805 (W.D. Va. Apr. 2, 2018) (dealing with an anonymity request solely of an adult college student) and *Doe v. Village of Deerfield*, 819 F.3d 372 (7th Cir. 2016) (same solely with an adult inmate)).

do not require it. *See J.W., et al., v. District of Columbia*, 318 F.R.D. 196 (D.D.C. 2016); *L.M. as Parent and Next Friend of Minor A.M. v. City of Gardner*, No. 19-2425-DDC, 2019 WL 4168805 (D. Kans. 2019); *see also D.M., individually and on behalf of J.M. and D.P. v. Cty. of Berks*, 929 F. Supp. 2d 390, 402 (E.D. Pa. 2013) (permitting parents and children to proceed anonymously, despite the presence of individual constitutional claims).

Finally, contrary to Crowder's argument, the authority Plaintiffs have cited from this Court and its sister jurisdiction support for Plaintiffs' request here because that authority, too, speaks to false and stigmatizing charges against a person for sexual assault akin to the false charges against Plaintiff H.C. here for "sexual misconduct," "sexual aggression," and "forcible sodomy." (*See, e.g.*, ECF No. 40, ¶¶ 69, 73, 84, 86, and 160; *see also* ECF No. 42, p. 6, n. 1 (citing *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583 (E.D. Va. 2016) (permitting anonymity for a sexual assailant) and *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016) (same).) As with the plaintiffs in these decisions, these charges are false and exist in Plaintiff H.C.'s student record, and Plaintiffs have never had any opportunity to challenge and refute them. Under the unique circumstances here, Plaintiffs, including Plaintiff H.C., should not be tied permanently to such false charges in the public domain, including that an "imminent threat" exists, which disclosing Plaintiffs' identities will cause.

(2) ECF No. 57 –Defendant Mathews County School Board, Nancy Welch, Laurel Byrd, and Denise McCuiston's Arguments

Given the similarity of all Defendants' arguments in opposition to Plaintiffs' anonymity request, Plaintiffs reassert here their arguments, *supra*, at Section III.a.(1), which are responsive. The distinct arguments Defendants Mathews County School Board, Nancy Welch, Laurel Byrd, and Denise McCuiston (the "Other Defendants") also do not defeat Plaintiffs' anonymity request.

Specifically, the Other Defendants challenge Plaintiffs' argument that "disclosing [Plaintiffs C.C. and M.C.'s] identities 'in turn' discloses 'the identity and information of all.'" (ECF No. 57, p. 3.)  They argue, "[w]ere Mr. and Mrs. C. allowed to proceed anonymously based on this reasoning alone, the exception of anonymity would swallow the rule presuming the openness in judicial proceedings and essentially enable any parents suing on behalf of their child to proceed anonymously, even when pursuing claims in their own behalf." (*Id.*)  They claim that "the inefficacy of this argument is highlighted by the Federal Rules of Civil Procedure," which only contain a provision concerning the use of initials for the minor, not his parents, and, thus, "suggesting that the mere presence of a minor's information in the case is not sufficient to allow the parents to proceed anonymously." (*Id.* at 4.)

Plaintiffs have provided sufficient basis for anonymity in their Brief in Support beyond the mere disclosure of identities, including the unique circumstances of this action as alleged in the First Amended Complaint.  The Other Defendants cite no authority on-point for their proposition that the presence of individual parental claims standing alone precludes their anonymity and, in so doing, permits an evisceration of the protections to which a minor is entitled, pursuant to Rule 5.2 of the Federal Rules of Civil Procedure.  Instead, courts in similar circumstances have recognized that parental anonymity is necessary to protect a minor's anonymity, particularly in the context of stigmatizing charges.  *See, e.g.*, *J.W.*, 318 F.R.D. at 200 (stating, "[i]ndeed, while Federal Rule of Civil Procedure 5.2(a) acknowledges the privacy interests of minor children by allowing parties to reference minors only by their initials, it cannot be gainsaid that this protection would be 'eviscerated unless the parent was also permitted to proceed using initials.'") (citations omitted); *see also D.M.*, 929 F. Supp. 2d at 402 (stating, "both parties recognize that the Children have a

clear right to remain anonymous in this proceeding. This protection, however, 'would be eviscerated' if the Parents are not allowed to remain anonymous.")

The Other Defendants also challenge the authority Plaintiffs cite for anonymity. In most pertinent part, they claim that "J.W. v. District of Columbia . . . specifically addresses this issue from the standpoint of privacy in connection with the . . . IDEA . . . which explicitly provides that the names of child's parents are protected information." (ECF No. 57, p. 4.) This raises a distinction without difference because the goals at issue are the same – protecting the minor. And, as in J.W., Plaintiffs have cited statutory authority concerning confidentiality. If anything, the IDEA lends additional support to Plaintiffs' position, given that "courts have concluded that parents may proceed anonymously in IDEA cases to 'protect the family and child from further embarrassment and publicity'." *J.W.*, 318 F.R.D. at 199. Protecting Plaintiff H.C.'s identity and Plaintiffs' family is at the core of this anonymity request.

Second, the Other Defendants argue that, unlike the parties in *L.M. as Parent and Next Friend of Minor A.M. v. City of Gardner*, No. 19-2425-DDC, 2019 WL 4168805 (D. Kans. 2019), Plaintiffs have relocated from their small community and, thus, no risk of ascertaining Plaintiffs' name in that community will result. (ECF No. 57.) This argument pays no mind to other relevant considerations. First, Plaintiffs still own their home in Mathews County and, though they have relocated due to Defendants' actions, intend to return to Mathews County and rebuild their lives and relationships there. Second, it ignores the publicly-available First Amended Complaint and the likelihood that further connection of Plaintiffs to the allegations will impair this prospect.

### b. The risk of retaliatory mental or physical harm to Plaintiffs is strong.

(1) ECF No. 50 – Crowder's Arguments

Plaintiffs also satisfy the second *James* factor. As to this element, Crowder argues that Plaintiffs do not present "any factual support" of "retaliatory physical or mental harm" – "particularly when they no longer live in the community [of Mathews County]." (*See* ECF No 50, pp. 5-6) (alteration added). These arguments do not consider all of the circumstances.

First, Crowder ignores the First Amended Complaint, which is in the public domain. In the First Amended Complaint, Plaintiffs have alleged that Defendants falsely charged Plaintiff H.C. with: (1) "behaviors including racial comments, lining up black children to berate them, called a student [the 'n' word] and that [H.C.] shoved a black child against the locker or wall giving that student a concussion"; (2) "beating and insulting black kids"; and (3) "sexual misconduct," "sexual aggression," and "forcible sodomy." (*See, e.g.*, ECF No. 40, ¶¶ 68, 69, 73, 84, 86, 93, 140, 160, and 161.) These false charges are of a highly-sensitive nature, akin to the stigmatizing charges in *Doe v. The Rector & Visitors of George Mason Univ.*, 179 F. Supp. 3d 583 (E.D. Va. 2016) and *Doe v. Alger*, 317 F.R.D. 37 (W.D. Va. 2016).

And such charges (including Plaintiff H.C.'s other sensitive and highly-personal information) are in the public domain. In fact, this action has received media attention and even more since Plaintiffs' anonymity request. (*See* Pls.' Exs. 1 and 2, online newspaper articles.) Given Defendants' charges against Plaintiff H.C., the publicity of this action, the national conversation concerning the issues to which the charges relate, and harm Plaintiffs have already suffered, a likelihood of retaliatory harm to all of them is strong. *Doe*, 179 F. Supp. 3d 583; *Doe*, 317 F.R.D. 37. Here, all Plaintiffs have already suffered retaliatory harm not only to their

reputation but also to their standing in Mathews County and by a loss of clients and income.[5] (ECF No. 40, ¶¶ 15, 27-28, 93, 99, 100, and 191.) Although Plaintiffs have relocated from Mathews County, (*see* ECF No. 40, ¶¶ 27, 28, 93, and 186), they still own their home there and intend to return and rebuild their lives and relationships there when this action is over.[6] Plaintiffs, who collectively would be falsely cast as racists and/or sexual deviants in that community and with the public at large, should not have to wait until further harm and stigma occurs to have anonymity.

(2)   ECF No. 57 – The Other Defendants' Arguments

Because the Other Defendants' arguments are similar to Crowder's arguments on this *James* factor, Plaintiffs reassert here the arguments set forth, *supra*, in Section III.b.(1).

**c.   The third *James* factor – age – also weighs in favor of anonymity here.**

(1)   ECF No. 50 – Crowder's Arguments

Because Plaintiff H.C. is a minor, this third *James* factor weighs in favor of anonymity for all Plaintiffs. Crowder argues, however, that Plaintiffs "fail[] to take into consideration that C.C. and M.C. have asserted individual claims on their own behalf against Defendants." (ECF No. 50, p. 6.) It argues, "[t]hey cannot piggyback on H.C.'s 'vulnerability' to remain anonymous." (*Id.*) But, these arguments ignore the unique circumstances of this action.

The argument that Plaintiffs C.C. and H.C. seek to "piggyback" on Plaintiff H.C.'s vulnerability here is inaccurate. Rather, Plaintiffs seek to protect their minor child Plaintiff H.C. (and their family) from any additional harm as a result of Defendants' actions. Admittedly, the age of Plaintiffs C.C. and M.C. do not favor anonymity for them personally, but the age of H.C.

---

[5] Additionally, Plaintiff C.C. has also had several hospital admissions and H.C. has also required months of psychotherapy, all as a result of Defendants' actions and their retaliatory consequences. (ECF No. 40, ¶¶ 98, 101, 190, and 191.)
[6] The population of Mathews County, Virginia, as of July 1, 2019, was 8,834. *See* https://www.census.gov/quickfacts/mathewscountyvirginia (last visited December 8, 2020).

9

favors it and should still be a consideration here. After all, disclosure of one Plaintiff's identity in the public domain discloses the identities of all, and Plaintiff H.C. will certainly have to bear the heaviest consequences having the "special vulnerability of a child." So, Plaintiff H.C.'s age cannot simply be divorced from the analysis. In fact, the authority Plaintiffs cite do not require that divorce. *See, e.g., J.W.*, 318 F.R.D. at 201 (holding this factor weighed in favor of anonymity when a minor and his parents "share[d] common privacy interests due to their intractably linked relationship" and "although the motion seeks to maintain the anonymity of the adult Plaintiffs, the person who will be most affected by the lack of anonymity . . . is a minor."). *Cf. Doe v. Santa Fe Ind. Sch. Dist.*, 933 F. Supp. 647, 648 (S.D. Tex. 1996) (permitting the adult plaintiffs to proceed anonymously in an action up until the trial on damages).

Finally, Crowder argues that Plaintiffs "had no concern for [her] son and his 'vulnerability' when they identified him by his initials in the Amended Complaint and lodged salacious and false accusations against him despite the fact he is not a party, yet named Crowder and her husband (who is also not a party to the case) by name." (ECF No. 50, p. 7) (emphasis added). But, this argument is also incorrect. Plaintiffs protected the identity of Crowder's son by identifying him by his initials. (ECF No. 40, ¶ 9.) And C.B. does not share the same surname as Crowder. Second, Plaintiffs, unlike Crowder, had no choice but to file a civil action as a result of the significant harms Crowder and the Other Defendants have caused their family. In this context, Plaintiffs were required to allege the facts to support their claims, and they have done that. Finally, Plaintiffs attempted to confer with Crowder several times before seeking anonymity, but they received no response. Had Crowder responded and expressed the concerns she now raises, Plaintiffs certainly would have consented to her proceeding anonymously. Thus, the fact that Crowder did not do so and, to date, still has not done so should not prohibit Plaintiffs from proceeding anonymously.

    (2)  ECF No. 57 – The Other Defendants' Arguments

Because the Other Defendants' arguments are similar to Crowder's arguments, Plaintiffs reassert here the arguments set forth, *supra*, in Section III.c.(1), which are responsive.

  **d.**  **Plaintiffs satisfy the fourth *James* factor because this action relates exclusively to government activity and conduct as performed by government employees.**

The fourth *James* factor also weighs in favor of anonymity. Plaintiffs have filed this action challenging government activity and its validity. That this activity has also given rise to claims under Virginia law, including against the government's employees, should not disfavor anonymity.

    (1)  ECF No. 50 – Crowder's Arguments

In claiming Plaintiffs do not satisfy this factor, Crowder argues that "Plaintiffs . . . ignores the two state law claims – defamation and intentional infliction of emotional distress – they have filed against Crowder, let alone the other state law claims against the remaining Defendants." (ECF No. 50, p. 7) (emphasis added). Additionally, she argues that Plaintiffs "ignore[s] the fact that Plaintiffs have sued Crowder in her individual capacity." (*Id.*) Finally, the Opposition argues that "Crowder is not a governmental entity, but a private party who is subject to economic and reputational harm." (*Id.*)

These arguments do not weigh against anonymity. Plaintiffs at the core of this action have alleged the unconstitutionality and, thus, invalidity, of the government's activity with respect to the threat assessment policy and process. (*See, e.g.*, ECF No. 40, pp. 1-2 and ¶¶ 4, 5, 61, 62, 64, 71, 106, 122, 145, and p. 33 at (c).) In this context, they filed the action against the government responsible for that policy and process, i.e., the Mathews County School Board ("MCSB"). They also filed this action against the six government (non-private) employees who carried out that policy. (*Id.*, pp. 2-3.) The government only acts through its employees, and the named employees acted under the color of state law and their authority. (*Id.*, pp. 2-3 and ¶¶ 106-07.) Moreover, the

claims in the First Amended Complaint, including for defamation and intentional infliction of emotional distress, still relate to the government's threat assessment process and policy. (*See, e.g.*, ECF No. 40, ¶¶ 72, 160, and 183-90.) Therefore, that Plaintiffs name these government employees in their individual capacities alone should not weigh this factor against them. *See Nelson v. Green*, 3:06-cv-070, 2007 WL 984127, at *2 (W.D. Va. Mar. 28, 2007) (granting anonymity and holding "[f]actor (4) favors neither side of the argument. Although Plaintiff is alleging wrongdoing by employees of the [government], he is suing them in their official and individual capacities and has not sued [the government] itself") (alteration added).

        (2)    <u>ECF No. 57 – The Other Defendants' Arguments</u>

Because the Other Defendants' arguments are similar to Crowder's arguments on this *James* factor, Plaintiffs reaasert here the arguments set forth, *supra*, in Section III.d.(1). Additionally, the Other Defendants contend that "this action against Defendants in their <u>individual</u> capacities 'can result in damage to defendant's reputation as well as economic harm.'" (ECF No. 57, p. 6) (citations omitted). But, Defendants do not articulate that damage or economic harm with specificity, especially as they are government employees. Moreover, contrary to the Other Defendants' suggestions, Plaintiffs and Defendants do not stand on equal footing in this action – prior to this action, Defendants had (and arguably still have) authority over this family and they simply misused it. Anonymity is important here so that other families and their children, similar to Plaintiffs, will not be deterred from challenging any similar use of government power.

    **e.**    **No risk of prejudice or unfairness will result from Plaintiffs' anonymity.**

        (1)    <u>ECF No. 50 – Crowder's Arguments</u>

Finally, the fifth *James* factor weighs in Plaintiffs' favor. There is no prejudice to Defendants, who are all aware of the Plaintiff's identities. Crowder argues that Plaintiffs "have

named Crowder and her non-party husband in the Amended Complaint, lodged salacious and false accusations against them without concern that Crowder's non-party minor son will be identified in the process." (ECF No. 50, p. 8.) But, Crowder's minor son does not share the same surname as Crowder. Moreover, Crowder ignores the necessary fact – it was Crowder's actions that required Plaintiffs to file this action and allege the facts to support their claims. It was Crowder's actions that caused significant harm to Plaintiffs. Basic fairness dictates that Crowder should not be able to subject this child and his family to any further harm in this litigation. Again, if Crowder's concern is protecting her son, her remedy is to request anonymity. She has not done so. Instead, Crowder merely seeks to expose Plaintiffs.

    (2) <u>ECF No. 57 – The Other Defendants Arguments</u>

The Other Defendants present no argument on this factor; thus, no reply is necessary.

### IV. CONCLUSION

For the additional reasons above, the balance of the *James* factors weighs in favor of anonymity, and the substantial interest in safeguarding the privacy of Plaintiff H.C. (and his family), and his inextricable personal and highly-sensitive information outweigh the presumption of openness. Thus, this Court should grant Plaintiffs' request to proceed anonymously.

           Respectfully submitted,

           _____/s/_____
           Nicholas Simopoulos, VSB #68664
           Simopoulos Law, PLLC
           11 South 12th Street
           Richmond, Virginia 23219
           (804) 220-5755
           nicholas@simopouloslaw.com
           *Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of December 2020, I electronically filed the foregoing document with the Clerk of the Court using the CM/ECF system, which will send an electronic notification to all counsel of record

_____/s/_____
Nicholas Simopoulos, VSB #68664
Simopoulos Law, PLLC
11 South 12th Street
Richmond, Virginia 23219
(804) 220-5755 (Tel)
nicholas@simopouloslaw.com
*Counsel for Plaintiff*